UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT LEE WIGGINS, in his individual capacity and on behalf of others similarly situated, | Index No.: 16 Civ. 5959 (LDW) (GRB) |
| Plaintiff, | |
| -against- | |
| THE GARDEN CITY GOLF CLUB, a/k/a GARDEN CITY MEN'S CLUB d/b/a GARDEN CITY GC, | |
| Defendant. | |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

---

Joshua Marcus, Esq.
Jasmine Patel, Esq.
FRANKLIN, GRINGER & COHEN, P.C.
*Attorneys for Defendant*
666 Old Country Road, Suite 202
Garden City, New York 11530
516.228.3131
jmarcus@franklingringer.com
jpatel@franklingringer.com

## Table of Contents

TABLE OF AUTHORITIES...................................................................................................ii

I.    INTRODUCTION ........................................................................................................1

II.   SUMMARY OF PROCEEDINGS ...............................................................................2

III.  FACTS ALLEGED IN THE AMENDED COMPLAINT .....................................................3

IV.   ARGUMENT ..............................................................................................................5

    A.   Motion to Dismiss Standard ..............................................................................5

    B.   Plaintiff has failed to sufficiently allege facts which would raise a plausible
        inference of an FLSA overtime violation ..........................................................5

        1.   Plaintiff's one-week example is in contravention with the decisions of *Lundy,*
            *Nakahata,* and *Dejesus.* ..........................................................................7

        2.   Plaintiff's allegations that he was not paid for overtime hours worked is
            insufficient to raise a plausible inference of an FLSA overtime violation. .............8

    C.   Plaintiff has failed to assert a plausible minimum wage claim pursuant to the
        FLSA............................................................................................................10

    D.   Plaintiff has failed to plead sufficient facts to demonstrate that Defendant
        engaged in commerce pursuant to the FLSA ..................................................12

    E.   Plaintiff has failed to plead sufficient facts to set forth a Claim for unjust
        enrichment ...................................................................................................13

V.    CONCLUSION..........................................................................................................15

## Table of Authorities

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ..............................5, 12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)......................................5, 7

*Bergman v. Kids By the Bunch, Too, Ltd.*, 2016 WL 4991549 (E.D.N.Y. 2016)..........................12

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d
573 (2d Cir. 2006).........................................................................................................................13

*Botello v. COI Telecom, LLC,* 2010 WL 3784202 (W.D. Tex. Sept. 21, 2010)...........................15

*Bustillos v. Academy Bus, LLC,* 2014 WL 116012 (S.D.N.Y. 2014) ...................................7, 9, 11

*Dejesus v. HF Mgmt. Servs,* 726 F.3d 85 (2d Cir. 2013)............................................................. 6-9

*Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497
(E.D.N.Y. 2011)...............................................................................................................................5

*Gisomme v. HealthEx Corp.*, 2014 WL 2041824 (E.D.N.Y. May 15, 2014)............................... 7-9

*Gordon v. Kaleida Health*, 847 F. Supp. 2d 479 (W.D.N.Y. 2012) ..............................................14

*Griffin v. Aldi, Inc.,* 2016 WL 7235787 (N.D.N.Y. 2016) ............................................................14

*James v. Countrywide Fin. Corp.*, 849 F.Supp.2d 296 (E.D.N.Y 2012).........................................9

*Johnson v. Equinox Holdings, Inc.*, 2014 WL 3058438 (S.D.N.Y. 2014) ..............................10, 11

*Kaye v. Grossman*, 202 F.3d 611 (2d Cir. 2000).........................................................................13

*Krichman v. J.P. Morgan Chase & Co.*, 2008 WL 5148769 (S.D.N.Y. 2008).............................15

*Lundy v. Catholic Health Sys. Of Long Island Inc*, 711 F.3d 106 (2d Cir. 2013). ..................... 6-9

*Morrow v. Green Tree Servicing, L.L.C.*, 360 F. Supp. 2d 1246 (M.D. Ala. 2005)......................14

*Nakahata v. New York-Presbyterian Healthcare Sys,* 723 F.3d 192 (2d Cir. 2013) .................. 6-8

*Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt., LLC*,
595 F.3d 86 (2d Cir. 2010) ..............................................................................................................5

*Price v. Cushman & Wakefield, Inc.*, 829 F.Supp.2d 201 (S.D.N.Y. 2011)..................................13

*Serrano v. I. Hardware Distributors, Inc.*, 2015 WL 4528170 (S.D.N.Y. 2015) .........................9

*Sosnowy v. A. Perri Farms, Inc.,* 764 F. Supp. 2d 457 (E.D.N.Y. 2011) .....................................15

*Spiteri v. Russo*, 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013)......................................................8

*Tackie v. Keff Enters, LLC,* 2014 WL 4626229 (S.D.N.Y. 2014)...................................................9

**Regulations**

29 C.F.R. § 531.52.............................................................................................................................11

Fed. R. Civ. P. 12(b)(6).................................................................................................................1, 5

**Statutes**

29 U.S.C. § 201...........................................................................................................................1, 14

29 U.S.C. § 203(r)(s)(1)(A) ............................................................................................................12

29 U.S.C. § 206(a) ..........................................................................................................................12

29 U.S.C. § 207(a) ..........................................................................................................................12

29 U.S.C. §213(a)(3)............................................................................................................................4

29 U.S.C. § 216(b) ....................................................................................................................14, 15

## I. INTRODUCTION

Defendant, The Garden City Golf Club ("Garden City Golf" or "Defendant"), brings this motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff Robert Lee Wiggins (hereinafter "Plaintiff") has failed to state proper causes of action. Specifically, Plaintiff's claim for unpaid overtime brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") should be dismissed on the basis that Plaintiff has failed to plead specific facts setting forth a plausible claim of unpaid overtime pursuant to the FLSA. Contrary to recent Second Circuit case law, Plaintiff has failed to establish sufficient facts in his Amended Complaint to demonstrate that Plaintiff has worked over 40 hours other than one paragraph set forth for the first time in his Amended Complaint where he identified one week, where he asserted, without any background, that he worked over 40 hours. This is insufficient as a matter of law. Similarly, Plaintiff's minimum wage claim pursuant to the FLSA fails as Plaintiff's Complaint acknowledges that he, in fact, received payments for each round of golf which exceeded the minimum wage. Further, Plaintiff has failed to plead a sufficient basis that he and/or the Defendant were engaged in commerce pursuant to the FLSA. Accordingly, Plaintiff's FLSA claims must be dismissed. Further, Plaintiff's claim for unjust enrichment must be dismissed because it is duplicative of Plaintiff's FLSA claims and is preempted. Further, Plaintiff's unjust enrichment claims should be dismissed because Plaintiff has not alleged that Defendant has benefitted in any way and Plaintiff should not receive a windfall. Accordingly, for the reasons set forth herein, Plaintiff's Amended Complaint should be dismissed in its entirety.

1

## II.  SUMMARY OF PROCEEDINGS

On October 27, 2016, Plaintiff filed a Complaint (the "Complaint")[1] alleging that Garden City Golf engaged in improper practices in violation of the FLSA. Specifically, Plaintiff appears to allege that he was not compensated: (i) at the minimum wage for all hours worked, in violation of the FLSA; (ii) at one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA. Plaintiff also asserted a claim for unjust enrichment for Defendant's failure to pay statutory benefits and also asserted a common law claim for intentional infliction of emotional distress.

On February 21, 2017, Defendant filed a letter with the Court requesting a pre-motion conference to address its proposed motion to dismiss the Complaint. On February 27, 2017, · Plaintiff submitted a letter in opposition to Plaintiff's request for a pre-motion conference and filed an Amended Complaint (the "Amended Complaint").[2] The Amended Complaint left out the claim for intentional infliction of emotional distress and amended its claim relating to unjust enrichment by removing allegations of failure to make contributions pursuant to New York State Unemployment Insurance Law and New York State Workers' Compensation Law.

On March 1, 2017, the Court denied Defendant's request for a pre-motion conference as moot with leave to resubmit their request for a pre-motion conference to dismiss the Amended Complaint if Defendant sought to do so. On March 13, 2017, Defendant renewed its request for a pre-motion conference to address its proposed motion to dismiss the Amended Complaint. Plaintiff opposed Defendant's application by letter dated March 17, 2017. On March 20, 2017,

---

[1]     The Complaint is annexed to the Affirmation of Joshua Marcus, dated April 13, 2017, as Exhibit A.

[2]     The Amended Complaint is annexed to the Affirmation of Joshua Marcus, dated April 13, 2017, as Exhibit B.

the Court waived its requirement for a pre-motion conference and ordered the parties to submit a briefing schedule which was approved by this Court on March 28, 2017.

### III.   FACTS ALLEGED IN THE AMENDED COMPLAINT[3]

Plaintiff asserts that he worked as a golf caddy for the Defendant for eighteen years during the golf season between March and December. See Amended Complaint, ¶¶ 1, 16. Notably, Plaintiff's Amended Complaint fails to offer many specific details relating to Plaintiff's employment, but rather talks about "golf caddies" in general and/or discusses Plaintiff's hours and duties in general and vague terms.

Plaintiff asserts in his Amended Complaint that as a golf caddy he was responsible for "carrying golf bags," "carrying golf balls, retrieving golf balls and identifying players' golf balls located on the course." Amended Complaint, ¶¶ 11, 17. Plaintiff asserts that before and after a round, Caddy Master George Ouellette, "instructs and directs the golf caddies to perform miscellaneous tasks, such as transporting bags from members' cars to the clubhouse or moving caddy carts around the premises as is necessary to accommodate the members." Amended Complaint, ¶ 24. Plaintiff asserts in his Complaint that although Defendant did not pay the golf caddies any wages, "Defendant provides guidelines to its members on how much to pay caddies for a round. The pay scale is currently $80.00 per bag plus discretionary gratuity of up to $20.00 or more per round." Amended Complaint, ¶ 32. Plaintiff also asserts that "golf caddies typically work one or two rounds per day" and a round "may typically last up to four and one-half (4½) hours. Amended Complaint, ¶¶ 22, 23.   Plaintiff also asserts that Defendant's golf course is "open six (6) days a week from 7:30 am until closing time, which time varies

---

[3]     The facts set forth in Plaintiff's Amended Complaint are deemed true solely for the purposes of Defendant's motion to dismiss. It is the Defendant's position that Plaintiff was an independent contractor and was not subject to the FLSA and Defendant was not required to make any deductions as alleged in the Complaint.

depending on factors, such as available light, weather conditions and the number of golfers playing the course at dusk." Amended Complaint, ¶ 20. Plaintiff further asserts that when golf caddies work two rounds, "they work up to eleven (11) hours." Amended Complaint, ¶ 26. Plaintiff "estimates" that he worked two rounds per day "at least three (3) days a week." *Id.* Plaintiff's Amended Complaint gives no specifics regarding the number of hours worked in a particular week other than one paragraph where Plaintiff identifies one week in which he asserts he worked more than forty hours. Specifically, Paragraph 27 of the Complaint states, "For example, the week of May 11, 2015, from Tuesday, May 12, to Sunday May 17, Plaintiff worked sixty-three (63) hours. Plaintiff worked Tuesday, Wednesday, Thursday, Friday, Saturday, and Sunday, from 7:30 a.m. to 6 p.m.; ten and one-half (10.50) hours each day. Defendant failed to compensate Plaintiff minimum wage for any of the hours worked or overtime wages for the twenty-three (23) hours worked in excess of forty." Amended Complaint, ¶ 27. However, for the other weeks, Plaintiff offers no specifics and merely states that he "routinely" worked more than forty hours in a week. Amended Complaint, ¶ 4.

The Amended Complaint also alleged Defendant failed to make contributions and deduct statutory benefits from the Plaintiff's pay towards Social Security and Medicare, unjustly enriching the Defendant. Amended Complaint, ¶¶ 85-87. However, Plaintiff's Amended Complaint confirms he was not paid by the Defendant, but received fees directly from the club members of the Defendant who used the Plaintiff's caddying services. Amended Complaint, ¶ 32.

Defendant denies Plaintiff was an employee of the Garden City Golf Club and asserts that Plaintiff was properly classified as an independent contractor. Defendant also asserts that Plaintiff was exempt pursuant to the FLSA Section 13(a)(3). 29 U.S.C. §213(a)(3). While

4

Defendant acknowledges that those are issues of fact, Defendant asserts that even if Plaintiff's

allegations are taken as true, Plaintiff has failed to assert proper claims pursuant to the FLSA and

failed to state a claim for unjust enrichment in his Amended Complaint.

## IV. ARGUMENT

### A. Motion to Dismiss Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* (citing *Twombly*, supra, 550 U.S. at 555). A complaint must

therefore contain more than "'naked assertions' devoid of 'further factual enhancement.'" *Id.*

(quoting *Twombly*, supra, 550 U.S. at 557). Moreover, while a court reviewing a Fed. R. Civ. P.

12(b)(6) motion to dismiss must generally deem all allegations of fact in a complaint to be true,

this "tenet . . . is inapplicable to legal conclusions." *Id.*; *see also Twombly*, supra, 550 U.S. at

555 (explaining that courts "are not bound to accept as true a legal conclusion couched as a

factual allegation"). A complaint has facial plausibility only if it pleads a "set of facts sufficient

to 'raise a right to relief above the speculative level.'" *Desilva v. N. Shore-Long Island Jewish*

*Health Sys., Inc.*, 770 F. Supp.2d 497, 506 (E.D.N.Y. 2011) (quoting *Operating Local 649*

*Annuity Trust Fund v. Smith Barney Fund Mgmt., LLC*, 595 F.3d 86, 91 (2d Cir. 2010)).

### B. Plaintiff has failed to sufficiently allege facts which would raise a plausible inference of an FLSA overtime violation.

The Second Circuit has recently decided three cases regarding the standard of proof

5

needed to assert a viable overtime claim pursuant to the FSLA. In *Lundy v. Catholic Health Sys. Of Long Island Inc.*, the court "concluded[d] that in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." 711 F.3d 106, 114 (2d Cir. 2013). The *Lundy* court went on and explained that "[r]eviewing [p]laintiffs' allegations, as the district court thoroughly did, we find no plausible claim that FLSA was violated, because [p]laintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." *Id.*

In *Nakahata v. New York-Presbyterian Healthcare Sys.*, the Second Circuit found that plaintiffs failed to state a plausible FLSA overtime claim because plaintiffs failed to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." 723 F.3d 192, 201 (2d Cir. 2013).

In *Dejesus v. HF Mgmt. Servs.*, the court again found that plaintiff failed to allege a plausible FLSA overtime claim because the complaint merely "tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation." 726 F.3d 85, 89 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 918 (2014). As the Plaintiff did in this action, the plaintiff in *Dejesus* merely "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation." *Id.* (quoting plaintiff's complaint). The court noted that "*Lundy*'s requirement that plaintiffs must allege overtime without compensation in a 'given' workweek was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.' It was designed to require

6

plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" *Id.* at 90 (internal citations omitted) (quoting *Lundy*, supra, 711 F.3d at 114 and *Twombly*, supra, 550 U.S. at 570).

### 1.   Plaintiff's one-week example is in contravention with the decisions of *Lundy*, *Nakahata*, and *Dejesus*.

In Plaintiff's initial Complaint, he failed to identify a single date or workweek where he worked at least 40 hours and also worked uncompensated time in excess of 40 hours. After Defendant filed with the Court its initial letter for a pre-motion conference, identifying Plaintiff's failure to comply with the *Lundy*, *Nakahata*, and *Dejesus* decisions, Plaintiff filed an Amended Complaint. In Plaintiff's Amended Complaint, in an attempt to comply with *Lundy*'s requirement that plaintiff must allege overtime without compensation in a "given" workweek, 711 F.3d at 114, Plaintiff literally included one allegation of a single workweek in which he worked overtime without compensation. *See* Amended Complaint, ¶ 27. However, this is precisely what the Second Circuit cautioned against. *See Dejesus*, supra, 726 F.3d at 90 ("*Lundy*'s requirement that plaintiffs must allege overtime without compensation in a 'given' workweek was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.'").

In *Bustillos v. Academy Bus, LLC*, 2014 WL 116012, at *3 (S.D.N.Y. 2014), the court found that plaintiff's allegation that he "'would regularly work from 60-90 hours per week' is equivalent to the allegations in *Dejesus* and *Nakahata*" and dismissed plaintiff's complaint. Recently, this court dismissed a plaintiff's overtime claim for lack of specificity in which the allegations were similar to Plaintiff's here. *See Gisomme v. HealthEx Corp.*, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (Wexler, J.) (dismissing plaintiffs' overtime claims because "allegation of an 'average' of 50 hours or more was insufficient to state a claim for failure to pay

7

overtime compensation 'in a given workweek.'") (quoting *Lundy*, supra, 711 F.3d at 114); *see also Spiteri v. Russo*, 2013 WL 4806960, at *56 (E.D.N.Y. Sept. 7, 2013) (same). The ability to circumvent the holdings of *Lundy*, *Nakahata*, and *Dejesus* by pleading one specific example of uncompensated overtime certainly could not have been what the Second Circuit intended when formulating those opinions. Indeed, this practice was expressly cautioned against in *Dejesus*. Accordingly, Plaintiff's overtime complaints should be dismissed.

2.   **Plaintiff's allegations that he was not paid for overtime hours worked is insufficient to raise a plausible inference of an FLSA overtime violation.**

Moreover, Plaintiff's overtime claims cannot survive dismissal because they are insufficiently plead. As noted by the court in *Nakahata*, "[t]o plead a plausible FLSA overtime claim, [p]laintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." 723 F.3d at 201. Simply put, Plaintiff has still not done that.

In his Complaint, Plaintiff alleged that he "routinely work[ed] well over forty (40) hours per week" and he was not compensated at one and one-half times his regular rate of pay for those hours worked in excess of forty. See Amended Complaint, ¶¶ 4, 82. Now, Plaintiff includes in his Amended Complaint, *inter alia*, that he "worked sixty three hours" the week of May 11, 2015. *See* Amended Complaint, ¶ 27. These allegations closely resemble the allegations of numerous dismissed complaints, including the complaint dismissed in *Gisomme v. HealthEx Corp, supra.*

In *Gisomme*, the plaintiffs' first amended complaint alleged that they regularly worked 6-7 days per week and estimated that they worked an average of 50 to 53 hours each week. Noting that "the Second Circuit requires that plaintiffs provide 'sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than

8

forty hours in a given week," this Court dismissed plaintiffs' claims because they were insufficiently plead. *See Gisomme*, supra, at *2. Plaintiff's allegations here are strikingly similar and should accordingly be dismissed as well. *See also James v. Countrywide Fin. Corp.*, 849 F. Supp.2d 296, 321 (E.D.N.Y. 2012) ("[p]laintiff has done little more than assert, in vague and conclusory manner, his entitlement to overtime compensation under the FLSA and NYLL, and this is insufficient to withstand a motion to dismiss").

Similarly, in *Serrano v. I. Hardware Distributors, Inc.*, 2015 WL 4528170 (S.D.N.Y. 2015), the Court dismissed a FLSA overtime claim on a motion to dismiss where the plaintiff claimed he worked six days a week and averaged 62 hours a week. In dismissing the claim, the Court held that the "Court lacks sufficient 'facts about [Plaintiffs'] . . . working hours, such that a simply arithmetical calculation could be used to determine the amount owed per pay period." See e.g., *Serrano, supra* 2015 WL 4528170 at * 4 (quoting *Tackie v. Keff Enters, LLC*, 2014 WL 4626229 at * 3 (S.D.N.Y. 2014)). Similarly, herein, Plaintiff by failing to identify working hours other than for one week, has failed to plead sufficient facts regarding his working hours such that an arithmetical calculation could be used to determine the amount owed during his alleged employment.[4]

Further, to the extent Plaintiff identified one week he was not paid overtime, May 11, 2015, Plaintiff has failed to demonstrate his factual context in which he can demonstrate that he in fact worked over 40 hours in that week. Notably, *in Bustillos*, supra, 2014 WL 116012 at * 4 the court cautioned:

> This view is further supported by *DeJesus* 's admonition that *Lundy* did not provide a "pleading template" for generally alleging over forty hours of work per week in "some or all weeks," but rather required a "factual context" that "nudges" the claims from conceivable to plausible. Mr. Bustillos's allegations do not reflect

---

[4]     To the extent this Court denies Defendant's motion, the Court should limit Plaintiff's overtime claim to the one week in which he has alleged he worked over 40 hours.

> an effort to draw on his "memory and experience" to provide the "sufficiently
> detailed factual allegations" required by these cases.

Herein, Plaintiff has provided no factual context to nudge his claim to plausible and to establish

that he has drawn on his memory and experience to set forth a plausible claim that he worked

over 40 hours in a week.

Accordingly, the Complaint should be dismissed as the pleadings lack sufficient factual

context or content to raise a plausible inference of an FLSA overtime violation.

## C.   Plaintiff has failed to assert a plausible minimum wage claim pursuant to the FLSA.

Plaintiff in his Complaint asserts that he was not paid by the Defendant. Amended

Complaint, ¶ 4.   However, Plaintiff in his Complaint does assert that members received

guidelines of how much to pay caddies. Amended Complaint, ¶ 32. Plaintiff also asserts that the

"pay scale is currently $80.00 per bag plus a discretionary gratuity of up to $20.00 or more per

round." *Id.*   Plaintiff asserts that per round caddies "carry either one or two bags." Amended

Complaint, ¶ 22.   Plaintiff also asserts "typically" a round of golf lasts 4½ hours. Amended

Complaint, ¶ 23. Thus, by Plaintiff's own admission in his Complaint, Plaintiff received pay of

approximately $17.77 per hour if he carried one bag or $35.55 per hour if he carried two bags,

plus discretionary gratuity.   Even if Plaintiff worked five hours, and carried only one bag, his

hourly rate would greatly exceed the minimum wage pursuant to the FLSA of $7.25 (See 29

U.S.C. § 206(a).   Thus, even if Plaintiff worked five hours, he still would have received well

above the minimum wage.

Courts have routinely dismissed complaints when the facts alleged in the complaint

demonstrate that plaintiff was paid above the minimum wage. See e.g., *Johnson v. Equinox*

*Holdings, Inc.*, 2014 WL 3058438 (S.D.N.Y. 2014) (dismissing FLSA minimum wage claim

where plaintiff asserted he was not paid for some off-the-clock time but even assuming plaintiff worked off-the-clock time, plaintiff's hourly rate still exceeded the minimum wage); *Bustillos v. Academy Bus, LLC*, 2014 WL 116012, at \*3 (S.D.N.Y. Jan. 13, 2014) (dismissing minimum wage claim where plaintiff asserted he was not paid for all hours worked but acknowledged he was paid $14.70 an hour).

It appears that the Plaintiff will assert that all monies received by the Plaintiff would be considered a gratuity. This contradicts Plaintiff's Amended Complaint which clearly differentiates between the pay Plaintiff received for the service of carrying the bag and the gratuity Plaintiff received. To hold otherwise would require the Court to disregard Plaintiff's decision to delineate that a separate amount was paid for the service and a discretionary gratuity could be added onto that amount. To hold otherwise would also render Plaintiff's acknowledgement that a second payment was a gratuity superfluous.

Further, the U.S. Department of Labor regulations make it clear that the $80.00 payment is a charge and not a gratuity. 29 C.F.R. § 531.52 states:

General Characteristics of "tips"

A tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for him. It is to be distinguished from payment, a charge, if any made for the service. . . .

Thus, the FLSA, by the regulations promulgated by the Department of Labor, clearly distinguishes a payment for the service from a gratuity in recognition of the service performed.[5] Accordingly, by Plaintiff's own admission in his Complaint, Plaintiff was paid $80.00 per bag

---

[5]    Furthermore, the fact that such amount was paid by members does not prevent Defendant from receiving credits for such payment. Regulations issued by the U.S. Department of Labor state; "In discharging the joint obligation each employer may, of course, take credit toward minimum wage and overtime requirements for all payments made to their employee by the other joint employer or employers." Thus, Plaintiff cannot assert that the payments made by the members should not be factored, thus creating a windfall to the Plaintiff.

11

and thus Plaintiff has not demonstrated a plausible claim that he was paid below minimum wage in any particular workweek.

**D.      Plaintiff has failed to plead sufficient facts to demonstrate that Defendant engaged in commerce pursuant to the FLSA.**

Pursuant to the FLSA, coverage exists pursuant to the Act only when the plaintiff "is engaged in commerce or in the production of goods or commerce" or when the defendant is an "enterprise" as defined by the FLSA and such enterprise is engaged in commerce or in the production of goods or commerce. See 29. U.S.C. § 203(r)(s)(1)(A) and 29 U.S.C. §§ 206(a), 207(a).

Herein, Plaintiff's Complaint makes no attempt to provide any specifics as to how Plaintiff or Defendant was engaged in commerce pursuant to the FLSA. Rather, Plaintiff's Amended Complaint merely makes a general statement that Defendant "engaged in commerce within the meaning of the FLSA § 206(a) and § 207(a)". Amended Complaint, ¶ 14. Yet, no specifics were asserted by the Plaintiff as to how Defendant, a golf club in Garden City, New York, was engaged in interstate commerce. As Plaintiff has merely asserted a legal conclusion without any factual support, Plaintiff's FLSA claims must be dismissed as set forth in *Ashcroft v. Iqbal*, supra, 556 U.S. at 678. Notably, Courts have denied unopposed motions on default where the Plaintiff has failed to plead sufficient facts that the defendant engaged in commerce. See e.g., *Bergman v. Kids By the Bunch, Too, Ltd.*, 2016 WL 4991549 * 7 (E.D.N.Y. 2016) (denying motion for default on basis plaintiff failed to plead sufficient facts that defendant engaged in commerce).

While Defendant is aware that some courts have presumed that the defendant engaged in commerce, they did so after reviewing the complaint and determining that based upon the

12

enterprise described by plaintiff, it could be presumed that the defendant engaged in commerce as set forth in the statue. However, herein, since Plaintiff has asserted that Defendant Garden City Golf Club, a golf club located in Garden City, New York, this is not the case where it can be inferred that the Defendant was engaged in commerce. Accordingly, Plaintiff's FLSA claims should be dismissed.

**E.     Plaintiff has failed to plead sufficient facts to set forth a Claim for unjust Enrichment.**

To prevail on an unjust enrichment claim under New York law, a plaintiff must establish: "(1) that the defendant benefited; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Price v. Cushman & Wakefield, Inc.*, 829 F. Supp.2d 201, 217 (S.D.N.Y. 2011) (quoting *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)). Under New York law, recovery under the theory of unjust enrichment is available only in the absence of an enforceable agreement. *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006).

Detrimental to Plaintiff's cause of action is that the Plaintiff has not set forth how the Defendant benefitted at the Plaintiff's expense. In the Amended Complaint, Plaintiff alleges that Defendant failed to make contributions and deduct statutory benefits from the Plaintiff's pay towards Social Security and Medicare, unjustly enriching the Defendant. Amended Complaint, ¶¶ 85-87. However, as Plaintiff in his Amended Complaint confirms, he was not paid by the Defendant, but received fees directly from the club members of the Defendant who used the Plaintiff's caddying services. Amended Complaint, ¶ 32. Due to the fact that the fees did not come from the Defendant, the Defendant could not have been unjustly enriched at the Plaintiff's expense. Additionally, Plaintiff could have sought to pay taxes and take deductions for Medicare and Social Security on the money he received if he chose to do so; thus, good conscience and

13

equity do not require restitution.

Moreover, to the extent Plaintiff is found to be an employee and not an independent contractor, any award to Plaintiff for overtime and unpaid minimum wages would be for a gross amount, with Medicare and Social Security deductions taken out, and, therefore, Plaintiff's unjust enrichment claims would be duplicative and do not require restitution. District courts in this Circuit have generally held that state "common law claims are preempted to the extent they seek recovery available under the FLSA..." *Gordon v. Kaleida Health*, 847 F. Supp.2d 479, 494 (W.D.N.Y. 2012). Herein, Plaintiff did not offer any specific allegations separate from the wage allegations under the FLSA. Thus, his unjust enrichment claim is preempted. *See Griffin v. Aldi, Inc.*, 2016 WL 7235787, at *3–4 (N.D.N.Y. 2016) (court found that plaintiffs' unjust enrichment was preempted because it was duplicative of their FLSA claim).

In fact, the damages sought by Plaintiff in the Amended Complaint prove that the rights he is asserting are based exclusively on the FLSA. *See Morrow v. Green Tree Servicing, L.L.C.*, 360 F. Supp.2d 1246, 1252–53 (M.D. Ala. 2005). The plaintiff seeks:

> unpaid wages...overtime wages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b)...compensatory damages; issuance of a declaratory judgment that the practices complained of are unlawful under the aforementioned statutes; all attorneys' fees and costs incurred in prosecuting these claims; such other further relief as this Court deems just and proper. Amended Complaint, Prayer for Relief, ¶¶ (i)-(viii).

It is important to note that Plaintiff cited only the FLSA damages provision. Additionally, the language Plaintiff uses in his Amended Complaint completely mirrors the damages available under the FLSA. The FLSA provides awards for "unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.... The court in such action shall ... allow a reasonable attorney's fee to be paid by the

defendant, and costs of the action." 29 U.S.C. § 216(b).

Plaintiff "identif[ies] no specific consideration, contractual terms or obligations independent of the federal…statutory obligations underlying their other statutory causes of action" and "[t]he allegations of the complaint do not demonstrate the existence of an independent, enforceable agreement." *Krichman v. J.P. Morgan Chase & Co.*, 2008 WL 5148769, at *4 (S.D.N.Y. 2008). On its face the complaint appears to do "nothing more than an attempt to cloak statutory claims in contract theory." *Id.; see also Botello v. COI Telecom, LLC*, 2010 WL 3784202, at *4 (W.D. Tex. Sept. 21, 2010) (dismissing plaintiff's state law claims for unjust enrichment as preempted by the FLSA because the claims were dependent on defendant's alleged failure to compensate him for hours worked in excess of 40 hours; a requirement for which the FLSA provides the exclusive remedy). Similarly, the Plaintiff's unjust enrichment claim as pled duplicates and relies upon his FLSA claim. Although the Court must make all reasonable inferences in favor of the Plaintiff, there is nothing in the Amended Complaint that would indicate that the unjust enrichment claims are based on anything other than the federal statute. *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp.2d 457, 469–70 (E.D.N.Y. 2011). Accordingly, Plaintiff's claim for unjust enrichment should be dismissed.

## V.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion to dismiss the Complaint, along with such other and further relief as the Court deems just and proper.

Date:   April 13, 2017
        Garden City, New York

                                        Respectfully submitted,
                                        /s/_____.
                                        Joshua Marcus
                                        Jasmine Patel

15

**FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Defendant*
666 Old Country Road, Suite 202
Garden City, New York 11530
516.228.3131
jmarcus@franklingringer.com
jpatel@franklingringer.com

To:
Michael A. Berger, Esq.
FRANK & ASSOCIATES, PC
*Attorneys for Plaintiff*
500 Bi-County Boulevard, Suite 465
Farmingdale, New York 11735
631.756.0400
mberger@laborlaws.com

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   Index No.: 16 CIV 5959 (LDW) (GRB)
ROBERT LEE WIGGINS, in his
individual capacity and on behalf of others
similarly situated,

                                Plaintiff,

        -against-

                                              **AFFIDAVIT OF SERVICE**

THE GARDEN CITY GOLF CLUB, a/k/a
GARDEN CITY MEN'S CLUB d/b/a GARDEN
CITY GC,

                                Defendants.
----------------------------------------------------------------X

STATE OF NEW YORK     )
                         ) ss:
COUNTY OF NASSAU     )

     SAMANTHA EUSEBIO, being duly sworn, deposes and says: deponent is not a party to
the action, is over 18 years of age, and resides at Baldwin, New York.

     On April 13, 2017  deponent served a true copy of the annexed **MEMORANDUM OF
LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**  by mailing same in a sealed envelope, with postage prepaid
thereon, in a post-office or official depository of the U.S. Postal Service within the State of New
York, addressed to the last known address of the addressee(s) as indicated below:

                            Michael Berger, Esq.
                          Frank & Associates, P.C.
               500 Bi-County Boulevard, Suite 465
                    Farmingdale, NY 11735

                                        SAMANTHA EUSEBIO

Sworn to before me this
13ᵗʰ day of April, 2017

NOTARY PUBLIC
*Beverley M. Lewis*
*Notary Public of State of New York*
*Qualified in New York County*
*LIC. No 01LE5055679 Commission Expires February 20, 2018*