UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT LEE WIGGINS, in his individual capacity and on behalf of others similarly situated,

        Plaintiff,

-against-

THE GARDEN CITY GOLF CLUB, a/k/a GARDEN CITY MEN'S CLUB d/b/a GARDEN CITY GC,

        Defendant.

Index No.: 16 Civ. 5959 (LDW) (GRB)

---

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

---

Joshua Marcus, Esq.
Jasmine Patel, Esq.
FRANKLIN, GRINGER & COHEN, P.C.
*Attorneys for Defendant*
666 Old Country Road, Suite 202
Garden City, New York 11530
516.228.3131
jmarcus@franklingringer.com
jpatel@franklingringer.com

## Table of Contents

TABLE OF AUTHORITIES..................................................................................................ii

INTRODUCTION ...............................................................................................................1

I. PLAINTIFF HAS FAILED TO SUFFICIENTLY ALLEGE FACTS WHICH RAISE A PLAUSIBLE INFERENCE OF AN FLSA OVERTIME VIOLATION ................................1

II. PLAINTIFF HAS FAILED TO SUFFICIENTLY ALLEGE A PLAUSIBLE MINIMUM WAGE CLAIM PURSUANT TO THE FLSA .......................................................................4

III. PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO DEMONSTRATE THAT THE DEFENDANTS ENGAGED IN COMMERCE PURSUANT TO THE FLSA..................................................................................................................................8

IV. PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO SET FORTH A CLAIM FOR UNJUST ENRICHMENT ...............................................................................9

V. CONCLUSION.................................................................................................................10

## Table of Authorities

**Cases**

*Ahmed v. Samson Mgmt. Corp.*, 1996 WL 183011 (S.D.N.Y. 1996) ............................................. 8

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S. Ct. 1187, 90 L.Ed. 1515 (1946) ............................................................................................................. 2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007) ............ 4

*Bebry v. ALJAC, LLC*, 954 F. Supp.2d 173 (E.D.N.Y. 2013) .................................................... 9

*Chen v. Gypsophila Nail & Spa, Inc.*, 2015 WL 3473510 (S.D.N.Y. 2010) ................................. 8

*Dejesus v. HF Mgmt. Servs*, 726 F.3d 85 (2d Cir. 2013) ............................................................ 3

*Ethelberth v. Choice Sec. Co.*, 91 F. Supp.3d 339 (E.D.N.Y. 2015) ............................................ 9

*Griffin v. Aldi, Inc.*, 2016 WL 7235787 (N.D.N.Y. 2016) ......................................................... 10

*Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp.2d 901 (S.D.N.Y. 2013) ..................................... 6

*Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013). ....................... 3

*Maldonado v. Arcadia Business Corp.*, 2015 WL 1265992 (E.D.N.Y. 2015) ............................. 8

*Moore U.S.A., Inc. v. Standard Register Co.*, 139 F. Supp.2d 348 (W.D.N.Y. 2001) ................... 9

*Nakahata v. New York-Presbyterian Healthcare Sys*, 723 F.3d 192 (2d Cir. 2013) ..................... 3

*Padjuran v. Aventura Limousine & Transp. Serv., Inc.*, 500 F. Supp.2d 1359 (S.D. Fla. 2007) ... 2

*Servino v. 436 West, LLC*, 2015 WL 12559893 (S.D.N.Y. 2015) ............................................... 2

*Thornton v. Crazy Horse, Inc.*, 2012 WL 2175753 (D. Alaska 2012) ......................................... 7

*Tran v. Alphonse Hotel Corp.*, 281 F.3d 23 (2d Cir. 2002) ....................................................... 2

**Regulations**

29 C.F.R. § 791.2 (2017) ........................................................................................................ 4, 7

## INTRODUCTION

Defendant, The Garden City Golf Club ("Garden City Golf" or "Defendant"), submits this Reply Memorandum in further support of its motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## POINT I

### PLAINTIFF HAS FAILED TO SUFFICIENTLY ALLEGE FACTS WHICH RAISE A PLAUSIBLE INFERENCE OF AN FLSA OVERTIME VIOLATION

Plaintiff in his opposition papers argues that he properly identified weeks in which he worked over forty hours and was not paid overtime. However, Plaintiff's argument appears to be based upon mischaracterizing his Amended Complaint to demonstrate that he worked over forty hours a week. Plaintiff in his motion papers asserts that "Plaintiff stated that he worked either one round (five hours) or two rounds (eleven hours) of golf each day, and that he worked two rounds, at least three (3) days per week. Additionally, Plaintiff referenced his working hours when Defendant hosted weekend golfing tournaments." See Plaintiff's Memo, p. 8 (citations omitted). However, nowhere in his Amended Complaint does the Plaintiff assert that he worked one round (five hours) or two rounds (eleven hours) of golf each day. Plaintiff merely asserted in his Amended Complaint that a caddy, "typically works one or two rounds a day" and that one round of golf takes 4½ hours per day (with another ½ hour of waiting time and to clean clubs), two rounds takes "up to" eleven hours, and Plaintiff "estimates" that he worked two rounds per day at least three (3) days per week. See Amended Complaint annexed to the Affirmation of Joshua Marcus, dated April 13, 2017, as Exhibit B (hereinafter "Amended Complaint"), ¶¶ 22-26.[1] There are no specific allegations relating to the number of days worked by the Plaintiff, and

---

[1] Plaintiff also asserted that throughout the year, the Club hosts golf tournaments on the weekends during which Plaintiff abided by a stricter work schedule, but fails to provide any specific hours worked for such golf tournaments. Amended Complaint, ¶¶ 33-34.

1

Plaintiff's Complaint merely speaks of generalities of "typical" and "estimated" hours without any further specifics. Moreover, Plaintiff's Amended Complaint acknowledges that the golf course is only open six days a week and that closing time varies depending on "light, weather conditions and the number of golfers playing the course at dusk." Amended Complaint, ¶ 20.

More damning is Plaintiff's assertion in his motion papers that "Defendant cannot see the forest through the trees" because:

> "[t]he very nature of Plaintiff's job makes it difficult to describe a routine schedule. To begin with, the hours of the golf course vary depending on the weather or how many members are at the club on a given day. See Exhibit A at ¶ 20. Plaintiff was supervised by an individual, Ouellete, who assigned caddies to golfers, at his discretion, permitting him to play favorites or withhold work. See *Id.* at ¶ 28."[2]

See Plaintiff's Memo, p. 6. Yet, this is precisely why Plaintiff's Complaint must be dismissed as Plaintiff acknowledges that he cannot satisfy his burden of proof to sufficiently articulate his schedule to demonstrate that he in fact worked over 40 hours a week and "performed work for times which he was not adequately compensated." See e.g., *Servino v. 436 West, LLC*, 2015 WL 12559893 * 7 (S.D.N.Y. 2015), quoting *Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 31 (2d Cir. 2002). See also *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946). Thus, by Plaintiff's own acknowledgement, there were no "routine" or "typical" hours as weather conditions, sunset, and other factors necessitated differing times.

---

[2] Once again, Plaintiff's Brief misstates the allegations made in his Amended Complaint. For example, Paragraph 20 of Plaintiff's Amended Complaint actually states, "Defendant's golf course is open (6) days a week from 7:30 A.M. to closing time, which time varies depending on factors, such as available light, weather conditions and the number of golfers playing the course at dusk." See Amended Complaint, ¶ 20. The Amended Complaint makes no reference to the number of members at the club on a given day. Further, Amended Complaint ¶ 28 states "Ouellete controls the schedule of each caddy, pairing them with golfers at his discretion. Those caddies who report to work are paired with a golfer at or about 7:30 A.M. are more likely to work two rounds, and carry a total of two to four bags each workday." Such paragraph makes no allegations that Ouellette "plays favorites" or "withholds work." As this is a motion to dismiss, Plaintiff's actual Amended Complaint is controlling, not Plaintiff's counsel's unsubstantiated allegations that are not contained in the Amended Complaint.

Accordingly, when read in total, Plaintiff's Amended Complaint is nothing more than conclusory and vague allegations of approximations regarding hours worked per week and fails to set forth a plausible claim that he worked over forty hours a week.

Moreover, Plaintiff's attempt to "save" his overtime claim by pointing to one specific week where he asserts he worked over forty hours during his eighteen years as a caddy fails. Plaintiff's singular example of one week he claims he worked over forty hours lacks any context to nudge his claim to plausible as Plaintiff provides no context as to how such calculation was created, and such claim appears to contradict Plaintiff's assertions in his Amended Complaint that hours were highly variable upon weather, light and other variables, as well as Plaintiff's admission that Plaintiff cannot describe a routine schedule that would give rise to a plausible overtime claim. This is clearly impermissible pursuant to current Second Circuit case law and is an obvious attempt to make a deficient complaint comply with the Second Circuit's holding in *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013). This is precisely what the Second Circuit has cautioned against and which has been held not to satisfy the plausibility standards necessary to assert a claim. See *Dejesus v. HF Mgmt. Servs.*, 726 F.3d 85, 90 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 918 (2014) ("*Lundy*'s requirement that plaintiffs must allege overtime without compensation in a 'given' workweek was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.'"). Defendant submits that there is no difference between the pleadings in *Lundy*, *Nakahata* and *Dejesus* where the pleadings were plead in general conclusory allegations and herein where Plaintiff asserts in broad general terms that he "routinely work[ed] well over forty (40) hours per week" and was not compensated for overtime and identifies only one specific week where he asserts he worked "sixty-three" hours over an eighteen-year period. See Amended Complaint, ¶¶

3

16, 27. To hold otherwise would permit a plaintiff to circumvent his requirement to provide more than conclusory assumptions and naked assumptions that set forth a right to relief above the speculative level. See e.g., *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007). Further, to the extent Plaintiff identified one week he was not paid overtime, Plaintiff has failed to demonstrate any factual context to nudge his claim to plausible and to establish that he has drawn on his memory and experience to set forth a plausible claim that he worked over 40 hours in a week. Accordingly, for the reasons set forth herein, Plaintiff's overtime claim should be dismissed.[3]

## POINT II

### PLAINTIFF HAS FAILED TO ASSERT A PLAUSIBLE MINIMUM WAGE CLAIM PURSUANT TO THE FLSA

In his opposition papers, Plaintiff argues that since he was not paid any money by the Defendant, Defendant violated the minimum wage provisions of the FLSA. See Plaintiff's Memo, p. 11. However, this argument clearly fails as a matter of law. Plaintiff's Amended Complaint clearly stated that the "pay scale" paid by members "is currently $80.00 per bag plus a discretionary gratuity of up to $20.00 or more per round." Amended Complaint, ¶ 32. Plaintiff's attempt to ignore that such payments are required to be factored into Plaintiff's compensation is contrary to the regulations issued by the U.S. Department of Labor. See 29 C.F.R. § 791.2 (2017) ("In discharging the joint obligation each employer may, of course, take credit toward minimum wage and overtime requirements for all payments made to their employee by the other joint employer or employers.") As set forth in its initial motion, factoring such pay received and Plaintiff's allegations regarding work hours, there is no minimum wage

---

[3] Once again, to the extent the Court credits Plaintiff's unsubstantiated claim that he was not paid overtime for one week, the Court should limit Plaintiff's claim to that specific week.

4

violation properly plead in Plaintiff's Amended Complaint.

Plaintiff also asserts that it is improper for the Court to inquire as to whether Plaintiff was employed by a joint employer at the motion to dismiss stage of the case. See Plaintiff's Memo, p. 14. Defendant is not moving for a determination that it is a joint employer. Rather, based upon the allegations plead in Plaintiff's Amended Complaint, it is clear that the Plaintiff in his duty as a caddy performed services for members and was paid by the members. As Plaintiff acknowledges in his Amended Complaint:

- The golf caddies were responsible for carrying members' golf clubs, finding, retrieving and identifying members golf balls. Amended Complaint, ¶ 17.

- A round of golf with a member could last 4½ hours. After an early round, the caddy will clean a member's golf clubs. Amended Complaint, ¶ 23.

- Plaintiff alleges that most of the time spent during the day is in the service of providing caddying duties during rounds of golf to the members. Amended Complaint, ¶¶ 23-6.

- Members would pay golf caddies according to a pay scale of $80.00 per bag and a discretionary tip of up to $20.00 or more per round. Amended Complaint, ¶ 32.

- Most importantly, Plaintiff admits, "In sum, the golf caddies provide golf-related services to Defendant's members, which are integrated and essential to allow Defendant's normal golf operations to proceed." Amended Complaint, ¶ 39.

Thus, taking the allegations in Plaintiff's Amended Complaint as true, as Defendant must, Plaintiff has admitted that caddies performed essential services for members during his alleged employment with Defendant, and Plaintiff has admitted that joint employment existed.

Plaintiff next argues that the $80.00 he received was actually a gratuity. See Plaintiff's Memo, p. 12. However, this directly contradicts his Amended Complaint where he asserts that member's pay scale to pay the caddies was $80.00 per bag plus a discretionary gratuity of up to $20.00 or more per round. Amended Complaint, ¶ 32. Taking Plaintiff's Amended Complaint at face value, Plaintiff cannot now try to claim that the $80.00 paid pursuant to the pay scale was

5

discretionary where Plaintiff had admitted there was <u>an additional discretionary gratuity</u>. To hold otherwise would render Plaintiff's allegations that he received pay of $80.00 meaningless and superfluous.

Plaintiff relies upon a case, *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp.2d 901 (S.D.N.Y. 2013), for the proposition that since they were paid by the members the payments were tips and therefore do not count as wages. Plaintiff's Memo, p. 12. However, *Hart* is not applicable herein. In *Hart*, the defendants asserted that <u>service charges</u> paid by customers to dancers could not be applied to the minimum wage because such service charges pursuant to U.S. Department of Labor regulations could not be deemed to be wages when such service charges were not part of the employer's gross receipts. *Id.* at 929. Herein, Plaintiff's Amended Complaint does not talk about service charges but rather an $80.00 pay scale with discretionary tip relating to caddying services during which almost all of the time was spent providing services for the member. Moreover, it does not appear in *Hart* that there was any consideration or there were any allegations that the customers who paid $20.00 for a private dance with the dancers were employers. Rather, at issue is whether the defendant was an employer and then whether as the <u>sole employer</u>, defendant could use monies paid directly by customers to the dancers to satisfy defendant's obligation to pay the minimum wage. Thus, unlike the Amended Complaint in this matter, where the Plaintiff has acknowledged that the caddies <u>spent the majority of their time providing services for the members as opposed to the club</u> (as opposed to performing a fleeting lap dance which only comprised a *de minimis* amount of time), and received a separate tip for their work from the members, by Plaintiff's own admissions he has demonstrated a joint employer relationship and Defendant's entitlement to receive credit for such payments. Taking Plaintiff's argument to its illogical conclusion would mean that in any joint employer setting, a

party not contributing to an employee's pay would be liable for minimum wage and overtime even if such employee was properly paid by the other joint employer. This is clearly contrary to existing case law and 29 C.F.R. § 791.2 (2017) and would permit Plaintiff to receive a windfall as he was compensated for his time performing caddying services.

Further, as acknowledged in *Hart*, courts are not in an agreement that the determinative factor as to whether a service charge can be applied to the minimum wage is whether it was included in gross receipts. As set forth in other cases, courts look at six factors, such as: (1) whether the payment was made by a customer who has received a personal service; (2) whether the payment was made voluntarily in an amount and to a person designated by the customer; (3) whether the tip is regarded as the employee's property; (4) the method of distributing the payment; (5) the customer's understanding of the payment; and (6) whether the employer included the payment in its gross receipts. See e.g., *Thornton v. Crazy Horse, Inc.*, 2012 WL 2175753 * 9 (D. Alaska 2012). Reviewing these factors as it relates to Plaintiff's Amended Complaint, it appears that even had Plaintiff asserted that the $80.00 received was a service charge, Plaintiff has asserted that such payment was made by a member who received a personal service, the payment was voluntary and to the caddy, and no allegations were made that any of that payment was retained by the Defendant. A review of the allegations in Plaintiff's Amended Complaint as a matter of law demonstrates that the $80.00 payment to the caddy can be applied for minimum wage purposes. Accordingly, Plaintiff's claim for unpaid minimum wages should be dismissed.

## POINT III

## PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO DEMONSTRATE THAT DEFENDANT ENGAGED IN COMMERCE PURSUANT TO THE FLSA

In opposition to Plaintiff's motion, Defendant does not dispute that its Complaint did not assert any specific facts showing that the Defendant engaged in commerce. Rather, Plaintiff first relies upon *Ahmed v. Samson Mgmt. Corp.*, 1996 WL 183011 * 3 (S.D.N.Y. 1996) that a blanket conclusory statement that the Defendant is engaged in interstate commerce is sufficient to confer subject matter jurisdiction. Yet, the Court in *Ahmed* (which predates the Supreme Court's clarification of pleading standards in *Twombly)* actually dismissed the Complaint where the plaintiff failed to offer any specific allegations demonstrating that he was engaged in commerce or that he was employed by an enterprise other than that he was employed as a superintendent for a real estate company incorporated in New York. *Id.* Herein, Plaintiff has solely alleged that he was employed by a golf club located in Garden City. Thus, *Ahmed* actually supports Defendant's argument.

Next, Plaintiff asserts *Chen v. Gypsophila Nail & Spa, Inc.*, 2015 WL 3473510 (S.D.N.Y. 2015) for the proposition that it can be inferred that the defendant, a nail salon, was engaged in interstate commerce because it can be presumed that as a retail establishment, it must have handled goods that were in interstate commerce. See also, *Maldonado v. Arcadia Business Corp.*, 2015 WL 1265992 (E.D.N.Y. 2015) (holding that it can be inferred defendant general contractor must have handled goods in interstate commerce).[4] However, Garden City Golf Club is not a retail establishment where such inference can be made.

---

[4] Plaintiff also cites *Ethelberth v. Choice Sec. Co.*, 91 F. Supp.3d 339, 355 (E.D.N.Y. 2015) where a court denied summary judgment where evidence was produced that plaintiff's uniform may have been made out of state

8

Finally, Plaintiff asks the Court to take into consideration a website in considering whether Defendant engaged in commerce pursuant to the FLSA. However, while some courts have permitted considering such materials, other courts, including courts in the Eastern District, have held that the Court is bound by the terms of the complaint and have not considered websites or other extrinsic evidence not annexed to the Complaint as the public records exception applies only to statutes, case law, city charters, city ordinances, criminal case dispositions, letter decisions of government agencies, published reports, records of administrative agencies, or pleadings in another action. See e.g., *Bebry v. ALJAC, LLC*, 954 F. Supp.2d 173, 176 (E.D.N.Y. 2013); *Moore U.S.A., Inc. v. Standard Register Co.*, 139 F. Supp.2d 348, 364 (W.D.N.Y. 2001). Moreover, Plaintiff actually cites a website of the Garden City Country Club and not of the Defendant, the Garden City Golf Club. Such entity is different from the entity sued herein.[5] Accordingly, such FLSA claims should be dismissed.

## POINT IV

## PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO SET FORTH A CLAIM FOR UNJUST ENRICHMENT

Plaintiff's motion papers fail to demonstrate how Defendant benefitted at the Plaintiff's expense. Plaintiff alleges that Defendant failed to make contributions and deduct statutory benefits from the Plaintiff's pay towards Social Security and Medicare, thereby unjustly enriching the Defendant. Amended Complaint, ¶¶ 85-87. However, Plaintiff admits he received fees directly from the club members. Amended Complaint, ¶ 32. As the fees did not come from

---

and there was a dispute as to whether purchases made by the defendants were made out of state. Thus, such case is clearly distinguishable.

[5] Even if such website was considered, the website merely states that social gatherings sponsored by members such as anniversaries, baby showers, Bar Mitzvah's, etc., are sometimes held at the Club. That by itself does not demonstrate that Defendant engaged in interstate commerce pursuant to the FLSA.

9

the Defendant, the Defendant did not retain any monies and could not have benefitted to the Plaintiff's detriment. Thus, Plaintiff has not plead the elements necessary to support an unjust enrichment claim. It is also important to note that Plaintiff could have paid taxes and taken deductions for Medicare and Social Security on the money he received from the club members, thereby avoiding the need for any restitution.

Additionally, contrary to Plaintiff's contention in his Opposition, for which he only cites a non-binding Southern District of Florida Case, *Padjuran v. Aventura Limousine & Transp. Serv., Inc.,* 500 F. Supp.2d 1359 (S.D. Fla. 2007), if Plaintiff is awarded any back pay for overtime and/or minimum wage, it would be for a gross amount less statutory deductions, including Medicare and Social Security. Therefore, Plaintiff's unjust enrichment claims would be duplicative of the FLSA claim. *See Griffin v. Aldi, Inc.,* 2016 WL 7235787, at *3–4 (N.D.N.Y. 2016). The same is affirmed by Plaintiff's own Amended Complaint wherein he only seeks damages available under the FLSA. Amended Complaint, Prayer for Relief, ¶¶ (i)-(viii). Plaintiff's cause of action for unjust enrichment should be dismissed as he has failed to plead sufficient facts to support such a claim.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion to dismiss the Complaint, along with such other and further relief as the Court deems just and proper.

Date: May 17, 2017

     Garden City, New York

                      Respectfully submitted,
/s/_____
Joshua Marcus
Jasmine Patel
**FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Defendant*
666 Old Country Road, Suite 202
Garden City, New York 11530
516.228.3131
jmarcus@franklingringer.com
jpatel@franklingringer.com

To:   Michael A. Berger, Esq.
      FRANK & ASSOCIATES, PC
      *Attorneys for Plaintiff*
      500 Bi-County Boulevard, Suite 465
      Farmingdale, New York 11735
      631.756.0400
      mberger@laborlaws.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X  Index No. 16 Civ. 5959 (LDW)(GRB)
ROBERT LEE WIGGINS, in his
individual capacity and on behalf of others
similarly siturated,

                          Plaintiffs,

-against-

**AFFIDAVIT OF SERVICE**

THE GARDEN CITY GOLF CLUB, a/k/a
GARDEN CITY MEN'S CLUB d/b/a
GARDEN CITY GC,

                       Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK    )
                                    ) ss:
COUNTY OF NASSAU    )

       SAMANTHA EUSEBIO, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age, and resides at Baldwin, New York.

       On May 19, 2017 deponent served a true copy of the annexed **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** by mailing same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address(es) of the addressee(s) as indicated below.

                          Michael A. Berger, Esq.
                          Frank & Associates, PC
                          500 Bi-County Boulevard, Suite 465
                          Farmingdale, New York 11735

                                                     SAMANTHA EUSEBIO

Sworn to before me this
19th May, 2017
_____
NOTARY PUBLIC
*Beverley M. Lewis*
*Notary Public of State of New York*
*Qualified in New York County*
*LIC. No 01LE5055679 Commission Expires February 20, 2018*