UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERT LEE WIGGINS, in his
individual capacity and on behalf of others
similarly situated,

                            Plaintiff,

       -against-

THE GARDEN CITY GOLF CLUB, a/k/a
GARDEN CITY MEN'S CLUB d/b/a
GARDEN CITY GC,

                            Defendant.
-------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  OCT 25 2017  ★
LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 16-5959

(Wexler, J.)

APPEARANCES:

    FRANK & ASSOCIATES, P.C.
    BY:   Michael A. Berger, Esq.
    Attorneys for Plaintiff
    500 Bi-County Boulevard, Suite 465
    Farmingdale, New York 11735

    FRANKLIN, GRINGER & COHEN, P.C.
    BY:   Joshua Marcus, Esq.
            Jasmine Patel, Esq.
    Attorneys for Defendants
    666 Old Country Road, Suite 202
    Garden City, New York 11530

WEXLER, District Judge:

       Plaintiff, Robert Lee Wiggins ("Plaintiff" or "Wiggins"), brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), alleging that Defendant, The Garden City Golf Club ("Defendant" or "Garden City GC"), failed to pay him proper overtime

compensation as well as the applicable minimum wage. Plaintiff also brings a state law claim for unjust enrichment.

Before the Court is Defendant's motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion in its entirety. For the following reasons, Defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff began his employment with the Garden City GC in 1997 as a golf caddy and worked exclusively for Defendant in that capacity for eighteen years. (Am. Compl. ¶ 16.) As a golf caddy, Plaintiff was responsible for carrying golf clubs, finding and retrieving golf balls and identifying players' balls on the golf course. (Id. ¶ 17.)

Defendant's golf course is open six days a week from 7:30 a.m. to closing time, which varies depending on certain factors, such as available light, weather conditions and the number of golfers playing the course at dusk. (Id. ¶ 20.) Golf caddies report to work at the Defendant's clubhouse (the "Caddy Hut") to wait for the Caddy Master, George Ouellette ("Oullette"), to assign them to assist a specific golfer or golfers in a group for a round of golf, which typically consists of eighteen holes of play. (Id. ¶¶ 18, 21.) Both before and after a round of golf, while waiting for a new assignment, Ouellette assigns the caddies miscellaneous tasks, such as transporting golf bags from members' cars to the clubhouse or moving caddy carts around the premises as necessary to accommodate the members. (Id. ¶ 24.)

Golf caddies typically work one or two rounds per day, with each round typically lasting

up to four and one-half hours. (Id. ¶¶ 22-23.) During each round, a caddy may carry either one or two golf bags. (Id. ¶ 21.) After finishing a round of golf, a caddy will typically clean a member's golf clubs and then return to the Caddy Hut to wait for a new assignment. (Id. ¶ 23.) A single round of golf, including the cleaning of clubs and performing miscellaneous tasks while waiting for a new assignment, generally takes up to five hours. (Id. ¶ 25.)

On days when a caddy works two rounds of golf, he or she may work up to eleven hours. (Id. ¶ 26.) Plaintiff estimates that he worked two rounds per day at least three times per week. (Id.) Throughout the golf season, the Garden City GC hosts numerous tournaments, often lasting for three days. (Id. ¶ 33.) On tournament days, the caddies' hours often exceed ten hours per day, typically consisting of two rounds of golf. (Id.)

Defendant requires its caddies to wear a specific uniform while working, which consists of beige khakis, a white collared shirt, white sneakers and a beige hat. (Id. ¶ 29.) The hat and shirt that caddies wear must display the Garden City GC logo and must be purchased directly from Defendant. (Id. ¶ 30.)

Defendant provides its members with guidelines regarding how much to pay caddies for a round of golf. (Id. ¶ 32.) The pay scale is currently $80.00 per bag plus a discretionary gratuity of up to $20.00 per round. (Id.) Defendant does not pay the golf caddies any wages for the hours they work; rather, all compensation is provided by the golf club members. (Id.)

Plaintiff commenced this action on October 27, 2016 and amended his Complaint as of right on February 27, 2017, alleging FLSA and New York Labor Law claims, as well as a state law claim for unjust enrichment. Defendant now moves to dismiss Plaintiff's Amended Complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes

the motion.

## DISCUSSION

I. <u>Legal Standard</u>

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint, <u>see Iqbal</u>, 556 U.S. at 678; <u>Kassner v. 2nd Ave. Delicatessen, Inc.</u>, 496 F.3d 229, 237 (2d Cir. 2007), and to "draw[] all reasonable inferences in the plaintiff's favor." <u>Troni</u>, 2010 U.S. Dist. LEXIS 79670, at *5 (quoting <u>In re NYSE Specialists Sec. Litig.</u>, 503 F.3d 89, 95 (2d Cir. 2007)).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." <u>Iqbal</u>, 556 U.S. at 678-79 (citation omitted); <u>see also</u> <u>Twombly</u>, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. <u>Iqbal</u>, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 555 U.S. at 557).

II.  FLSA Overtime Claim

Under the FLSA, an employee who works in excess of forty hours in a workweek shall be compensated for those excess hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The Second Circuit has held that in order to state a "plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy v. Catholic Health Sys. Of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)(1)).

Plaintiffs are not required to provide an approximation of uncompensated overtime hours in order to survive a motion to dismiss their FLSA overtime claims. See DeJesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 88 (2d Cir. 2013) (stating that the Second Circuit "declined to make an approximation of overtime hours a necessity in all cases"). However, "an approximation 'may help draw a plaintiff's claim closer to plausibility.'" Id. (quoting Lundy, 711 F.3d at 114 n.7). "Allegations that a plaintiff 'regularly worked' more than forty hours per week are insufficient to 'nudge' a plaintiff's claim 'from conceivable to plausible.'" Serrano v. I. Hardware Distribs., Inc., No. 14-cv-2488, 2015 WL 4528170, at *3 (S.D.N.Y. July 27, 2015) (quoting DeJesus, 726 F.3d at 89-90).

Here, Plaintiff's Amended Complaint states that he "estimates that he worked two rounds [of golf] per day at least three (3) days per week." (Am. Compl. ¶ 26.) This, standing alone, is not enough under the requirements set forth by the Second Circuit. However, the Amended Complaint then goes on to state as follows:

For example, the week of May 11, 2015, from Tuesday May 12, to

> Sunday May 17, Plaintiff worked sixty-three (63) hours. Plaintiff worked Tuesday, Wednesday, Thursday, Friday, Saturday and Sunday, from 7:30 a.m. to 6:00 p.m.; ten and one-half (10.5) hours each day. Defendant failed to compensate Plaintiff . . . overtime wages for the twenty-three (23) hours worked in excess of forty.

(Id. ¶ 27.)

The Court finds the foregoing sufficient to "support a reasonable inference that [Plaintiff] worked more than forty hours in given week." Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013). As the Second Circuit has stated, "[d]etermining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Lundy, 711 F.3d at 114 (quoting Iqbal, 556 U.S. at 679). Using both judicial experience and common sense, the Court finds that the Amended Complaint plausibly pleads a claim for failure to pay overtime compensation in violation of the FLSA. Accordingly, Defendant's motion to dismiss is denied with respect to this claim.

III.  FLSA Minimum Wage Claim

The FLSA mandates that every employer pay a minimum wage to each of its employees, which is currently set at $7.25 per hour. See 29 U.S.C. § 206(a). "An employee cannot state a claim for a minimum wage violation 'unless [his] average hourly wage falls below the federal minimum wage.'" Johnson v. Equinox Holdings, Inc., No. 13 Civ. 6313, 2014 WL 3058438, at *3 (S.D.N.Y. July 2, 2014) (quoting Lundy, 711 F.3d at 115). "A plaintiff's average hourly rate is determined 'by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation

"quasi-contract" claims, in that they are "obligation[s] the law creates in the absence of any agreement." Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 54 (2d Cir. 2011). "Where a valid contract governs the subject matter in a lawsuit, a plaintiff may not recover in quasi-contract." Statler v. Dell, Inc., 775 F. Supp. 2d 474, 485 (E.D.N.Y. 2011) (citing Diesel Props, 631 F.3d at 54).

In support of his unjust enrichment claim, Plaintiff alleges that Defendant failed to make contributions and deduct statutory benefits from Plaintiff's wages toward Social Security and Medicare benefits. (Am. Compl. ¶ 86.) Plaintiff further alleges that, as a result, Defendant retained substantial benefits and has been unjustly enriched at Plaintiff's expense. (Id. ¶ 87.) In response, Defendant argues that since it did not pay Plaintiff any wages, it could not have made any contributions to Social Security or Medicare, nor deducted any statutory benefits from said wages, and therefore could not have been enriched in any way.

The Court finds a significant flaw in Defendant's argument. The very fact that Defendant did not pay Plaintiff any wages gives rise to a reasonable inference that it was enriched in some way. Had Defendant been the one to provide Plaintiff's compensation, rather than the members, Defendant would have been legally obligated to pay contributions on behalf of Plaintiff to both Social Security and Medicare. By not paying Plaintiff's wages, Defendant avoided this obligation, thereby receiving a benefit of sorts. Accordingly, the Court finds that the Amended Complaint pleads a plausible claim for unjust enrichment and Defendant's motion to dismiss is denied with respect to this claim.[1]

---

[1] Defendant also posits a preemption argument in their motion papers; however, the Court finds preemption to be an issue better reserved for a summary judgment motion.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied in its entirety. The parties are directed to contact the assigned Magistrate Judge forthwith to obtain a discovery schedule.

**SO ORDERED:**

Dated: Central Islip, New York
October 25, 2017

LEONARD D. WEXLER
United States District Judge