

**Domenique Camacho Moran**
Partner

Direct Dial: 516.227.0626
Direct Fax: 516.336.2762
dmoran@farrellfritz.com

1320 RXR Plaza
Uniondale, NY 11556
www.farrellfritz.com

Our File No.
26048-102

December 7, 2017

B<span>Y</span> ECF
Hon. Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   Wiggins v. The Garden City Golf Club, 16 civ. 5959

Dear Magistrate Judge Brown:

Farrell Fritz, P.C., and Franklin, Gringer & Cohen, P.C., represent The Garden City Golf Club ("GCGC" or the "Club") in connection with the above-referenced action. We write to request expedited discovery in advance of Plaintiff Robert Lee Wiggins' ("Plaintiff" or "Wiggins") planned Motion for Conditional Collective Certification. As set forth more fully below, Plaintiff's sworn testimony will bear directly on both his Motion for Conditional Collective Certification as well as his standing to pursue claims pursuant to the Fair Labor Standards Act.

By way of background, Wiggins worked as a caddie at the Garden City Golf Club. He carried golf clubs, found and retrieved golf balls on the course, cleaned the clubs and balls, raked bunkers and sand traps, measured the distance from the ball to the green, repaired divots and ball marks, and tended the pin – all conventional functions of a caddy. As a caddy, he took direction from, and was paid by, the golfers he accompanied. Although he regularly earned far in excess of the minimum wage when caddying at GCGC, Wiggins now asserts that he was a GCGC employee entitled to minimum wage and overtime payments from the Club. He further claims that GCGC failed to classify caddies as employees and failed to pay him a minimum wage and statutory overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

Wiggins' claims have no merit. The United States Department of Labor 2016 Field Manual, mindful of the conventional functions of a caddy, concludes, in relevant part, that caddies are not employees because "caddies are engaged to serve the needs of particular players for substantial periods of time" and "their services are generally directed by and are of most immediate benefit to the players themselves." Similarly, New York Labor Law §511 (8) explicitly states that "employment" does not include service as a golf caddy.

Before conditionally certifying the proposed class of "all golf caddies employed by Defendant from 2013

Hon. Gary R. Brown
Page 2

to the date of judgment," Wiggins must present evidence demonstrating that he was an "employee," as defined by the FLSA, that the potential class members were also "employees," that the Club's pay practices violated the FLSA, and that the proof of employment status and the alleged FLSA violations are based on common proof. The applicable law and known facts controvert Wiggins' employment status claim. Further, Plaintiff must also demonstrate that the proposed class is "similarly situated," also an unlikely outcome based on Federal and State law.

For these reasons, and in the interest of judicial economy, we propose the Court order limited discovery, including Plaintiff's deposition, regarding the issues outlined above which will directly impact the Motion for Conditional Certification. Such discovery will not require any significant delay. Moreover, such disclosure would allow the Club to fully present all arguments related to conditional certification, including those that might have subject matter jurisdictional implications under the FLSA.

Accordingly, we propose the following deadlines be approved by the Court:

- Discovery regarding the issue of class certification, including Plaintiff's deposition, be completed by January 8, 2018;
- Plaintiff's Motion for Conditional Certification shall be served on or before January 15, 2018;
- Defendant's Opposition papers, if any, shall be served on or before February 2, 2018; and
- Plaintiff's Reply papers shall be served on or before February 16, 2018.

We consulted with Plaintiff's counsel who objects to GCGC's request. We thank the Court for its time and attention.

Respectfully submitted,

*/s Domenique Camacho Moran*

Domenique Camacho Moran