

**Domenique Camacho Moran**
Partner

Direct Dial: 516.227.0626
Direct Fax: 516.336.2762
dmoran@farrellfritz.com

400 RXR Plaza
Uniondale, NY 11556
www.farrellfritz.com

Our File No.
26048-102

October 31, 2018

B<small>Y</small> ECF
Honorable Roslynn R. Mauskopf
United States District Court
Easter District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Wiggins v. The Garden City Golf Club
      Docket No.: 2:16-cv-05959 (RRM) (GRB)

Dear Judge Mauskopf:

Farrell Fritz, P.C., and Franklin, Gringer & Cohen, P.C., represent Defendant The Garden City Golf Club ("GCGC" or the "Club") in connection with the above-referenced action. In accordance with Your Honor's Individual Rules, we write to request a pre-motion conference in connection with GCGC's anticipated motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]

**Background**

The Garden City Golf Club is a private golf course in Garden City, New York that was founded in 1899. Its facilities, which include the Club's golf course, platform tennis courts, and dining services, are for the exclusive use of its members and their guests. At the discretion of each member, the member may choose to use the services of a caddie.

Plaintiff Robert Lee Wiggins ("Plaintiff" or "Wiggins") caddied at the Garden City Golf Club from 1995 through 2015.[2] While at the Club, Wiggins performed the conventional functions of a caddie: he carried golf clubs, found and retrieved golf balls on the course, cleaned the clubs and balls, raked sand traps, measured the distance from ball to green, repaired divots and ball marks, and tended the flagstick. As a caddie, he took direction from, and was paid by, the golfers he accompanied. He received significantly more than the minimum wage from the members for his services.

---

1 Before deciding Plaintiff's motion for class certification, Magistrate Judge Brown agreed that GCGC should have the opportunity to file a limited motion for summary judgment on the sole issue of Plaintiff's classification as an independent contractor. [*ECF No. 39*]. Defendant GCGC understood that if summary judgment was not granted, the Magistrate Judge would rule on the motion for class certification, the parties would complete discovery, and Defendant GCGC would file a comprehensive motion for summary judgment on all remaining grounds, if appropriate.
2 Wiggins also caddied at other golf courses in Long Island, New York during this time frame.

Honorable Roslynn R. Mauskopf
October 31, 2018
Page 2

Despite these undisputed facts, Plaintiff claims that he was a GCGC employee and that the Club failed to pay him a minimum wage and statutory overtime in violation of the Fair Labor Standards Act ("FLSA"). The record evidence irrefutably demonstrates, however, that GCGC was not Wiggins' employer. The Club did not interview, hire, fire, discipline, schedule, pay, train, or otherwise supervise Plaintiff's job duties. Based on the totality of the circumstances, GCGC was not his employer.

### Summary Judgment Is Appropriate

As a matter of law, Wiggins fails to state a *prima facie* claim under the FLSA because he was never an employee of the Club. Plaintiff has failed to cite any statutory or regulatory authority for the proposition that caddie services constitute "employment" by GCGC. On the contrary, the New York Labor Law, along with persuasive authority from the United States Department of Labor and Internal Revenue Service, militate a finding that Wiggins was not a GCGC employee for purposes of the Fair Labor Standards Act. *See* NYLL §511(8); *see also* U.S. Dep't of Labor, Field Operations Handbook § 10b15, *available at* https://www.dol.gov/whd/FOH/FOH_Ch10.pdf; Rev. Rul. 69-26, 1969-1 C.B. 251, 1969 WL 19332.

Further, the record is replete with evidence that Wiggins provided his caddie services without supervision or control by the Club. Wiggins' deposition testimony confirms that he independently decided when, where, how, and how often to caddie. Wiggins admitted that he used his own equipment, worked at other golf courses, and earned significantly more than the minimum wage.

Accordingly, Wiggins' claims are without merit because he has not, and cannot, offer any admissible evidence that would lead a rational fact-finder to conclude that GCGC is his employer under the FLSA.

### Conclusion

Based on the foregoing, and with leave of the Court, GCGC will move for summary judgment. After consultation with Plaintiff's counsel, we propose the following briefing schedule:

- November 21, 2018 – GCGC serves motion for summary judgment.

- December 19, 2018 – Plaintiff serves opposition to GCGC's motion.

- January 4, 2019 – GCGC serves reply to Plaintiff's opposition.

We appreciate the Court's time and consideration in reviewing this application.

Respectfully submitted,

/s *Domenique Camacho Moran*

Domenique Camacho Moran

cc:   All attorneys of record (*by ECF*)

FF\7840312.5