

FRANK & BOLAND, P.C.
THE WORKPLACE LAW FIRM

NEIL M. FRANK, ESQ.
PATRICIA L. BOLAND, ESQ.

November 2, 2018

**VIA ECF**
Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  **Wiggins v. The Garden City Golf Club**
     **Case No.: 16-cv-5959 (RRM)(GRB)**

Dear Judge Mauskopf:

We represent the Plaintiff Robert Lee Wiggins ("Plaintiff") in the above referenced matter and submit this letter in response to Defendant The Garden City Golf Club's ("Defendant") pre-motion conference letter regarding Defendant's planned motion for summary judgment.

**Factual Background**

Plaintiff was hired by Defendant, which operates a private golf course, as a golf caddy in or around 1996 and continued working for Defendant in that role until late 2015. Plaintiff was directed by Defendant to provide various menial tasks on Defendant's behalf to its members, which included carrying members' bags, tracking their balls, cleaning clubs and balls, raking sand traps and tending to the flag stick on the green. Defendant also directed Plaintiff to transport members' bags from the clubhouse to the rail (where they would be taken by whatever caddy was attending to that member) and to clean the golf carts. Plaintiff performed these duties on a regular basis Tuesday through Sunday, beginning at 7:30 AM and continuing as late as needed to accommodate Defendant's members. Plaintiff received his pay directly from Defendant's members, who were required by Defendant to compensate Plaintiff at least eighty dollars ($80) for each bag he carried.

**Argument**

Defendant contends that Plaintiff was not an employee of Defendant, but rather an independent contractor. Therefore, Defendant contends, it is not liable to Plaintiff under the Fair Labor Standards Act ("FLSA") and entitled to summary judgment on Plaintiff's claims for unpaid overtime and unpaid minimum wage. However, the evidence establishes that, at the bare minimum, there are issues of fact that preclude summary judgment.

      The Second Circuit has set forth the following factors to determine if, as a matter of economic reality, an individual is an employee or an independent contractor under the FLSA: "(1) the degree of control exercised by the employer over the workers, (2) the opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058-59 (2d Cir. 1988).[1] No one of these factors is dispositive and the application of this test "is inherently case-specific, turning on the totality of the relevant circumstances." *Hart v. Rick's Cabaret Intern., Inc.*, 967 F. Supp. 2d 901, 912 (S.D.N.Y. 2013). Ultimately, the "concern is whether, as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service or are in business for themselves." *Brock*, 840 F.2d at 1059.

      Viewed in the light most favorable to Plaintiff, the evidence shows that: (1) Defendant determined what days and times Plaintiff was to report to work and controlled the assignment of caddies to members, (2) Plaintiff had little opportunity for independent profit or loss and invested virtually nothing in his job as a caddy, (3) Plaintiff's job required no specialized skill or training, (4) Plaintiff worked almost exclusively for Defendant for nearly twenty (20) years and (5) caddies are undoubtedly an integral part of Defendant's operation of a golf course. Therefore, as all the factors favor a finding that Plaintiff was an employee, Defendant's proposed motion is simply a waste of the parties' time and the Court's valuable resources. However, in the event that the Court grants Defendant's request to proceed with their motion, Plaintiff consents to the briefing schedule set forth in Defendant's pre-motion conference letter.

      Respectfully submitted,

**FRANK & BOLAND, P.C.**

Joseph A. Myers, Esq.

cc: Counsel for Defendants (via ECF)

---

[1] In its pre-motion conference letter, Defendant cites to a nearly fifty (50) year old IRS Revenue Ruling and a provision of the New York State's Unemployment Insurance Law, both of which are expressly inapplicable to this action. Rev. Rul. 69-26, 1969-1 C.B 251, 1969 WL 19332; NYLL § 511. Defendant's only other citation was to a provision of the Department of Labor's Field Operations Handbook, which is not binding and entitled to deference only to the extent that it is persuasive. *See Hill v. Delaware North Cos. Sportservice, Inc.*, 838 F.3d 281, 295 (2d Cir. 2016).